*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
November 21, 2023

Plaintiff-Appellee,

v

No. 362598
Ingham Circuit Court
LC No. 21-000112-FH

WADE PATRICK GROST,

Defendant-Appellant.

Before: HOOD, P.J., and JANSEN and FEENEY, JJ.

PER CURIAM.

A jury found defendant guilty of one count of fourth-degree criminal sexual conduct (CSC-IV), MCL 750.520e(1)(b) (sexual contact accomplished by force or coercion). The trial court sentenced defendant to serve 240 days in jail, followed by 60 months of probation. Defendant appeals by right. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In March 2020, defendant invited the victim to his birthday party, which was held at his friend's apartment. According to the victim, she told defendant that she did not wish to be romantically involved. Defendant touched and held onto her against her will while swimming in the apartment complex pool. Later, in the apartment, the victim had multiple drinks and fell asleep with a friend in the living room. The victim testified that she woke up to find defendant touching her and kissing her stomach. Defendant was holding the victim's shirt above her left breast and was touching her body with his hands and his mouth. Defendant put the victim's hand on his bare penis, and defendant also touched the victim's thigh, but the victim pushed his hand away and told him no.

Defendant testified that he had touched the victim's breasts the night before when they were "cuddling, spooning, [and] making out." Defendant agreed that his hand touched the victim's stomach and breast area and her breast above her bra, and that he kissed the victim's neck. Defendant believed that the contact was consensual because the victim did not push him away and she said she was okay with cuddling. The next morning, defendant woke up to find the victim lying next to him. Defendant realized that the victim's shirt had "ridden up to [her] upper stomach

-1-

area" so he kissed her stomach and said, "[G]ood morning beautiful." Defendant denied putting the victim's hand on his penis, and he stated that he tried to wake the victim up by touching her shoulder and kissing her cheeks, at which point the victim got up and asked defendant to stop, and defendant said okay.

The prosecutor presented evidence of defendant's prior convictions of using a computer to communicate with another to commit a crime and accosting a minor for immoral purposes, which stemmed from his interaction with a citizen sting operation conducted by a private organization devoted to exposing child predators. Defendant had responded to an ad on a dating website and engaged in text messaging of a sexual nature with a person posing as a 15-year-old girl. Defendant agreed to meet with the girl to engage in sexual activity. When defendant arrived at the meeting location, he was confronted by an individual with the sting operation, who provided law enforcement with the text messages and video footage.

## II. OTHER-ACTS EVIDENCE

Defendant argues that the trial court abused its discretion by admitting evidence of defendant's previous convictions under MCL 768.27b. Defendant contends that the previous convictions were highly prejudicial and were not sufficiently similar to the charged offense. We disagree.

We review a trial court's decision to admit evidence for an abuse of discretion. *People v Smith*, 336 Mich App 79, 105; 969 NW2d 548 (2021). An abuse of discretion occurs when the trial court chooses an outcome falling outside the "principled range of outcomes." *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). The abuse-of-discretion standard recognizes that there may not be a single correct outcome. *Id*. As long as the trial court chooses a principled outcome, the reviewing court should accord deference to the trial court's judgment. *Id*. "[W]hether a rule or statute precludes admission of evidence is a preliminary question of law that this Court reviews de novo." *People v Propp*, 508 Mich 374, 383; 976 NW2d 1 (2021).

Under MRE 404(b)(1), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Under the rules of evidence, such evidence may be admitted only "for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident . . . ." MRE 404(b)(1). The Legislature created exceptions to the provisions of MRE 404 through the enactment of MCL 768.27a (involving listed offenses against a minor) and MCL 768.27b. MCL 768.27b(1) provides:

> Except as provided in [MCL 768.27b(4)[1]], in a criminal action in which the defendant is accused of an offense involving domestic violence or sexual assault, evidence of the defendant's commission of other acts of domestic violence or

---

[1] MCL 768.27b(4) limits the admissibility of evidence of other acts that occurred more than 10 years before the charged offense.

sexual assault is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403.

Evidence of other acts of sexual assault may be admitted "because a full and complete picture of a defendant's history tends to shed light on the likelihood that a given crime was committed." *People v Cameron*, 291 Mich App 599, 610; 806 NW2d 371 (2011) (quotation marks, citation, alteration, and ellipsis omitted). MCL 768.27b allows for admission of such evidence at trial "as long as the evidence satisfies the 'more probative than prejudicial' balancing test of MRE 403." *Id*. MRE 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

To make this determination, the trial court must first decide whether introduction of the evidence would be unfairly prejudicial, then "weigh the probativeness or relevance of the evidence against the unfair prejudice." *Cameron*, 291 Mich App at 611 (quotation marks and citation omitted). "Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *People v Musser*, 494 Mich 337, 357; 835 NW2d 319 (2013) (quotation marks, citation, and alteration omitted).

In determining whether to exclude evidence under MRE 403 that is otherwise admissible under MCL 768.27a, the trial court may consider factors including

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*People v Watkins*, 491 Mich 450, 487-488, 818 NW2d 296 (2012)[2].]

Whether the conduct resulted in a conviction or charges may also be relevant. *Id*. at 489. Each piece of evidence must be considered individually and in the context of the entire trial. *Id*.

In this case, the trial court admitted the evidence of defendant's previous convictions under MRE 403 because the previous convictions were similar in nature to the charged sexual assault that occurred in 2020. The previous convictions involved predatory conduct toward a female who defendant believed was 15 years old. In this case, during an interview with a Michigan State Police

---

[2] We note that in *Propp*, 508 Mich at 385, our Supreme Court noted that *Watkins* involved application of MCL 768.27a and not MCL 768.27b, and stated that this Court in *People v Propp*, 330 Mich App 151; 946 NW2d 786 (2019), rev'd in part, vacated in part 508 Mich 374 (2021), had unnecessarily referred to *Watkins* when addressing the application of MCL 768.27b(3), which had no corollary in MCL 768.27a and was not at issue in *Watkins*. However, our Supreme Court's reasoning in *Propp* regarding MCL 768.27b(3) is not pertinent to this case.

detective, defendant told the detective that the victim, although an adult, had "a 15-year-old cognition," and "that it more than likely dropped below that when she had been drinking." He met the victim at the Special Olympics. The similarity between the previous convictions and the charged sexual assault weighs in favor of admissibility.

Even though the conduct leading to the previous convictions occurred approximately two years before the sexual assault in the present case, this Court has noted that "the temporal divide" between the prior act and the charged offense, "standing alone, does not preclude the evidence's admission," depending on how similar the acts were. *People v Solloway*, 316 Mich App 174, 194-195; 891 NW2d 255 (2016) (determining that a temporal divide of 12 years did not preclude the admission of other-acts evidence given the similarity of the other act and the charged conduct, which both "involved defendant entering the victim's bedroom in the middle of the night, climbing on top of him, and engaging in some sort of inappropriate touching."). When considering the similarity between the previous convictions and the sexual assault in the present case, the two-year temporal divide between the assaults does not weigh in favor of exclusion.

Finally, the trial court mitigated any prejudice toward defendant when it instructed the jury to not consider the evidence of defendant's previous convictions unless "you find that the Defendant actually committed such act" and to "not convict the Defendant here solely because you think he is guilty of bad conduct." See *People v Mardlin*, 487 Mich 609, 629; 790 NW2d 607 (2010) ("A limiting instruction generally suffice[s] to enable the jury to compartmentalize evidence and consider it only for its proper purpose . . . .") (quotation marks and citation omitted; alterations in original); *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011) (stating that a jury is presumed to have followed the court's instructions). Accordingly, we find no abuse of discretion in the admission of defendant's previous convictions under MCL 768.27b.

## III. VOUCHING FOR WITNESS CREDIBILITY

Next, defendant argues that the prosecutor deprived him of a fair trial by vouching for the credibility of the victim and the victim's friend and by suggesting that defendant is a liar during her closing argument. In the alternative, defendant argues that his trial counsel was ineffective for failing to object to the prosecutor's closing argument. We disagree.

"Generally, a claim of prosecutorial misconduct is a constitutional issue reviewed de novo." *People v Abraham*, 256 Mich App 265, 272; 662 NW2d 836 (2003). However, because defendant failed to preserve his argument, "this Court's review is limited to plain error affecting defendant's substantial rights." *Solloway*, 316 Mich App at 197. "To obtain relief, it must be found that (1) an error occurred, (2) the error was plain or obvious, and (3) the plain error affected the defendant's substantial rights. The defendant bears the burden of establishing that his substantial rights were affected." *Id*. (citation omitted).

"Generally, prosecutors are accorded great latitude regarding their arguments and conduct." *People v Cooper*, 309 Mich App 74, 90; 867 NW2d 452 (2015) (quotation marks, citation, and alteration omitted). "A prosecutor's comments are to be evaluated in light of defense arguments and the relationship the comments bear to the evidence admitted at trial." *People v Dobek*, 274 Mich App 58, 64; 732 NW2d 546 (2007). "A prosecutor may not make a factual statement to the jury that is not supported by the evidence, but he or she is free to argue the evidence

and all reasonable inferences arising from it as they relate to his or her theory of the case." *Id*. at 66 (citations omitted). A prosecutor is "permitted to argue from the facts that defendant or defendant's witnesses were unworthy of belief." *Id*. at 67. Similarly, "[a] prosecutor may argue from the facts that a witness is credible or that a witness is not worthy of belief." *People v Unger*, 278 Mich App 210, 240; 749 NW2d 272 (2008). "[P]rosecutorial arguments regarding credibility are not improper when based on the evidence, even if couched in terms of belief or disbelief." *Id*.

A review of the prosecutor's closing argument in context does not support defendant's assertion that the prosecutor vouched for the credibility of the victim or the victim's friend. The prosecutor did not reference any individualized knowledge that she had about the victim or the victim's friend; rather, she connected her statements back to the evidence presented during trial. Specifically, the prosecutor explained how the victim did not talk with defendant for two years, and the prosecutor asked the jury what the victim had to gain "by coming in here, telling you all what's happened to her, being emotional and vulnerable on the stand." The prosecutor mentioned that the victim's friend did not know defendant, and the prosecutor noted that the victim and the victim's friend had nothing to gain by telling the jury what happened. The prosecutor outlined the discrepancies in defendant's testimony and noted that defendant minimized his involvement with the victim. Finally, the prosecutor noted that the victim's sexual assault nurse examination revealed the presence of male DNA in the places where defendant said that he kissed the victim. The prosecutor's statements fell within her great latitude to argue her theory of the case. See *Cooper*, 304 Mich App at 90. Trial counsel's failure to object to the prosecutor's statements did not amount to ineffective assistance of counsel, because objecting to the statements would have been futile. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Affirmed.

/s/ Noah P. Hood
/s/ Kathleen Jansen
/s/ Kathleen A. Feeney